UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA C. COLOSI, | ) | Case No. 1: 13 CV 505 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| JONES LANG LaSALLE AMERICANS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (ECF #18). For the reasons that follow, Defendant's Motion to Dismiss is granted in part and denied in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Brenda Colosi, filed this action against her former employer, Jones Lang LaSalle Americans, Inc., ("Jones Lang") on March 7, 2013, alleging claims of gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967 and breach of contract after she was terminated from her employment. Thereafter, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF #3) In response, Plaintiff moved for leave to amend her complaint. (ECF #9) That motion was granted and Plaintiff filed an Amended Complaint. The Amended Complaint purports to assert claims of gender discrimination and retaliation and age discrimination and retaliation in violation of federal statutes, as well as state law claims of wrongful discharge in violation of R.C. §4123.99,

wrongful discharge in violation of public policy, breach of express and implied contract and promissory esptoppel.[1]

Plaintiff asserts that she was hired by The Staubach Company in April, 2007 and that at some point during the course of her employment, several principals of Staubach joined Jones Lang and Jones Lang became Plaintiff's employer. (Amended Compl. ¶¶ 13-14) Plaintiff was terminated on January 17, 2012.  At that time her position at Jones Lang was Regional Marketing Director, Great Lakes Region. (Amended Compl. ¶1) Plaintiff reports that she received excellent annual reviews by her supervisor and received regular increases in compensation and qualified for and received bonus payments in each full year of her employment. (Amended Compl. ¶¶ 15-16) Plaintiff states that during her employment, she was given a copy of the Jones Lang Code of Business Ethics. (the "Code") (Amended Compl. ¶17) The Amended Complaint set out several provisions of the Code including,

--compliance with the Code is a condition to receiving any bonus;  (Amended Compl. ¶18)

-each employee must re-certify his or her commitment to the Code every year during performance reviews; (Amended Compl. ¶19)

-- intimate relationships between supervisors and subordinates are inappropriate and requiring individuals to report any such relationship that develops so that a determination can be made as whether a reasonable accommodation can be made; (Amended Compl. ¶21)

--requiring employees to maintain the firm's accounting and financial records, and

---

[1] The Amended Complaint states that this Court has both federal question and diversity subject matter jurisdiction.

reports produced from those records, in accordance with the laws of all applicable jurisdictions; (Amended Compl. ¶ 22)

--requiring employees to maintain the firm's business records in accordance with applicable laws and the firm's document retention polices; (Amended Compl. ¶22)

–employees may never knowingly destroy company records that may relate to on-going litigation or to a government investigation; (Amended Compl. ¶23) and

–Jones Lang will not retaliate against any employee who reports in good faith any potential Code violation. Retaliation, retribution or harassment against an employee who in good faith asks any questions or raises any concerns regarding our Code is strictly prohibited. (Amended Compl. ¶24)

Plaintiff states that prior to her termination she reported several severe and material perceived violations of the Code to Defendant. (Amended Compl. ¶25). Plaintiff further avers:

--"beginning in 2010 Defendant began a pattern of discriminatory conduct directed at Plaintiff which impaired her ability to discharge her duties as set forth in her job description and intended to cause her to be viewed in a disparaging light by Defendant's management and employees." (Amended Compl.,¶ ¶30, 40, 51, 62).

–the alleged discriminatory conduct was "substantially committed and/or encouraged by Robert Roe, the Defendant's Cleveland office principal and/or the Defendant's human relations manager, Susan Abraham." (Amended Compl. ¶¶31, 41, 52, 63)

–"Defendant terminated the Plaintiff based on her status as a female and that her conduct as an employee was gender based/gender attributed."(Amended Compl. ¶32)

–Plaintiff was 57 years old at the time of her termination and the Defendant terminated

Plaintiff "purportedly based on her age." (Amended Compl. ¶¶50, 53). She further alleges that Defendant subsequently employed a person at least ten years or more younger at a lesser compensation than it had paid Plaintiff in the same position. (Amended Compl. ¶55)

–At the time of her termination, "Defendants ... falsely represented to the Plaintiff that her termination was based on the fact that her 'position' was 'eliminated' while at the same time posting internally and on the Defendant's public website, a solicitation of employment for exactly the same position." (Amended Compl. ¶¶33, 44, 54, 66)

Notwithstanding the fact that her employment was terminated on January 17, 2012, Plaintiff adds a new assertion in her federal discrimination claims in her Amended Complaint that "Defendant continued its discriminatory conduct through and until February 28, 2013 and April 11, 2013." (Amended Compl. ¶¶34, 45, 56, 69) While the Amended Complaint does not disclose when Plaintiff filed her charge with the Equal Employment Opportunity Commission ("EEOC"), it does state that the EEOC issued a 90 Day Right to Sue Letter on or about February 12, 2013 and that this action was commenced on March 7, 2013. (Amended Compl. ¶35).

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitations of a cause of action's

4

elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,1940 (2009). *See also Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000) (court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.)

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 550 U.S. at 570.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008)*; Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## DISCUSSION

Defendant moves to dismiss all counts of the Amended Complaint. Defendant asserts that the federal claims (Counts 1-4) as well as Counts 7- 9 (breach of express contract, breach of implied contract, promissory esptoppel) remain subject to dismissal for the same reasons stated

in Defendant's original motion to dismiss.[2] Specifically, Plaintiff's failure to timely file a charge with the EEOC bars her federal discrimination claims and her claims centered around a breach of any kind of contract must fail because Plaintiff did not have an employment contract with Defendant. Defendant further asserts that Count 5 must be dismissed because it alleges wrongful discharge of an employee for filing a workers' compensation claim and Plaintiff never alleged that she filed a workers' compensation claim. Defendant also moves to dismiss Plaintiff's new claim of wrongful discharge in violation of public policy (Count 6). However, in response to Defendant's motion to dismiss the amended complaint, Plaintiff has agreed to dismiss this claim.[3] These arguments will be addressed in order.

### A. Federal Discrimination Claims

Defendant asserts that Plaintiff's federal sex and age discrimination claims must be dismissed because Plaintiff missed her deadline for filing her charge of discrimination with the EEOC and thus failed to exhaust her administrative remedies as required under Title VII and the ADEA. In her Amended Complaint, Plaintiff does not disclose when she filed her charge of discrimination with the EEOC. Under both Title VII and the ADEA, a complainant must file a charge with the EEOC within 180 days of the alleged discriminatory conduct, or 300 days if the plaintiff notifies a parallel state agency of her charge. 42 U.S.C. § 2000e-5; 29 U.S.C. § 626(d)(1). Defendant attaches a copy of the Plaintiff's dismissal notice from the EEOC to its

---

[2] Defendant has also moved for Rule 11 sanctions against Plaintiff (ECF #3) for continuing to assert time barred claims. The Court will address any and all motions for sanctions at the conclusion of this action.

[3] In accordance with Plaintiff's stated intention, the Court hereby dismisses Count 6 of the Amended Complaint.

Motion on the theory that this Court can and should take judicial notice of official records and proceedings in the EEOC related to this matter. Here, the EEOC issued a Dismissal and Notice of Rights on February 12, 2013, dismissing Plaintiff's charge because it was not timely filed with the EEOC and providing notice to Plaintiff that she had the right to sue within 90 days of her receipt of the notice. While Plaintiff asserts in her Amended Complaint that her lawsuit was filed within 90 days of her receipt of the EEOC Dismissal Notice, the Amended Complaint is silent as to when she filed her charge with the EEOC.  However, in response to Defendant's motion, Plaintiff readily admits that she did not file a charge of discrimination with the EEOC within 300 day s of her termination. (ECF #31 at p.3)

     Plaintiff asserts that her federal discrimination claims survive because she alleges in her Amended Complaint that Defendant's discriminatory conduct occurred past her termination date and within 300 days of her EEOC charge, as well as because the 300 day filing requirement is subject to equitable modification.   Moving first to her new averment of continuing discriminatory conduct, Plaintiff's Amended Complaint merely states that "Defendant further continued its discriminatory conduct through and until February 28, 2013 and April 11, 2013." (Amended Compl. ¶¶34, 45, 56, 69) Further, while Plaintiff refers to "discriminatory conduct," she never identifies the alleged conduct. The federal discrimination claims set forth in the Amended Complaint contain almost no factual allegations and consist of a series of conclusory statements with no underlying factual support.  She merely asserts that she was terminated based on her status as a female and because of her age in January 2012.  The Amended Complaint does not assert any claim of hostile work environment, thus there should be no issue of continuing conduct as to the Plaintiff.  The Court is not required or permitted to accept Plaintiff's bare

7

assertion of continuing "discriminatory conduct" to February 28, 2013 and April 11, 2013, with no supporting factual allegations. See *Ashcroft v. Iqbal, supra*, 129 S. Ct. 1937, 1949-50 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Accordingly, the Court will not accept Plaintiff's unsupported allegation of continuing discriminatory conduct against her after her termination.

Next, Plaintiff argues that the 300 day filing requirement is subject to equitable modification. Plaintiff notes that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement like a statute of limitations, that is subject to waiver, estoppel and equitable tolling. *Zipes v. TWA*, 455 U.S. 385, 393 (1982). Specifically, Plaintiff contends that the continuous violations doctrine should be applied here because "where there is an ongoing, continuous series of discriminatory acts, they may be challenged in their entirety as long as one of those discriminatory acts falls within the limitations period." *Haithcock v Frank*, 958 F.2d 671, 677 (6th Cir. 1992). Here, Plaintiff claims two of Defendant's discriminatory acts occurred on February 28, 2013 and April 11, 2013, within the 300 day period. However, to establish a continuing violation, " the current violation (the one occurring within the limitations period) must be sufficiently similar or related to the time-barred acts, such that it can be said that the acts are all part of the same pattern of discrimination." *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367-77 (6th Cir. 2002). Plaintiff's Amended Complaint does not allege any facts regarding the alleged continuing discrimination, much less what the two new discriminatory acts were. Thus, there is no way for the Court to determine

8

whether the alleged new acts of discrimination were in any way related to her termination or any other prior act of discrimination. As such, Plaintiff has failed to establish a continuing violation.

Plaintiff also asserts that the doctrines of equitable tolling and/or equitable estoppel may apply in certain situations to toll the 300 day filing requirement. Plaintiff lists a number of situations where the doctrine of equitable tolling or estoppel may be invoked, however only one of the situations has any application to the allegations contained in Plaintiff's Amended Complaint. Citing a 1985 case from the District of Connecticut, Plaintiff asserts that the doctrine of equitable tolling can apply where the employer gives a false reason for an employee's termination. *Monnig v. Kennecott Corp.*, 603 F.Supp. 1035 (D. Conn. 1985). The rationale being that a filing period "does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id*. at 1038 (citation omitted.) While Plaintiff alleges in the Amended Complaint that Defendant falsely represented to the Plaintiff that her termination was based on the fact that her position was being eliminated while at the same time posting internally and on the Defendant's public website a solicitation of employment for exactly the same position, she does not argue that facts supporting her discrimination claims were not apparent at the time of her termination or that the defendant took steps to prevent her from filing a discrimination charge on time. Plaintiff merely rests on her position that she has sufficiently pled facts to survive Defendant's motion to dismiss because she alleged that "discriminatory acts" continued beyond her termination date and/or alleged facts sufficient to invoke the doctrines of equitable tolling or estoppel.[4] The problem with Plaintiff's argument is that she has actually pled very few facts,

---

[4] Plaintiff uses the terms equitable tolling and estoppel interchangeably. However, they

9

relying instead on making legal conclusions or conclusory statements without factual support. As such, she has both failed to meet the pleading standard set forth in *Ashcroft v. Iqbal*, *supra*. or to support her argument that equitable estoppel should be applied in these circumstances. Accordingly, Plaintiff's federal discrimination claims, Counts 1 through 4, are dismissed.

### B. Count 5–State law age and sex discrimination claim

Defendant seeks to dismiss Count 5 of the Amended Complaint because Plaintiff entitled it "Wrongful Discharge in Violation of R. C. § 4123.99." Chapter 4123 of the Ohio Revised Code pertains to workers' compensation and § 4123.99 is the penalty section. Defendant notes that Plaintiff failed to allege that she filed a workers' compensation claim or had been injured on the job. Moreover, Defendant argues that a claim under § 4123.99 is time barred. Plaintiff admits that she made an inadvertent mistake in citing R.C. § 4123.99 when she should have cited to R.C. § 4122.99. Within the five paragraphs of Count 5, Plaintiff makes clear that she is alleging violations of Chapter 4112 of the Ohio Revised Code which forbids an employer from discharging an employee on the basis of sex and/or age. (Amended Compl. ¶¶72-75) As Plaintiff

---

are different arguments, although both seek equitable relief from the court. Equitable tolling may apply in situations where a plaintiff lacks knowledge of a filing requirement. In such circumstances a court will review several factors including: lack of notice of the filing requirement; lack of constructive knowledge of the filing requirement; diligence in pursuing one's right; absence of prejudice to the defendant; and the plaintiff's reasonableness in remaining ignorant of the particular pleading requirement. *Weigel*, 302 F.3d at 376. The decision to allow equitable tolling is made on a case-by-case basis." *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir.2003). Equitable tolling, however, should be applied sparingly and only in compelling circumstances. *Graham–Humpreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560 (6th Cir.2000). Plaintiff does not argue that she lacked knowledge of the filing requirement and does not explain her lack of diligence in pursuing her claims. As such, this is not a case where equitable tolling would by warranted. Equitable estoppel focuses on some bad act of the defendant which would justify the court in ignoring or extending the limitations period. This is the argument which Plaintiff could possibly attempt to make but has failed to flesh out.

correctly quotes: "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim. Factual allegations are what matters." *Quinn-Hunt v. Bennett Enters., Inc*., 122 Fed. Appx. 205, 207 (6th Cir. 2005).  As Defendant does not assert that Plaintiff's Chapter 4112 claim fails to state a claim or is otherwise barred, Defendant's motion to dismiss is denied as to Count 5.

### C. Counts 7-9, Breach of Express and Implied Contract, Promissory Estoppel

Defendant argues that Counts 7 through 9 must be dismissed because Plaintiff did not have an employment contract and acknowledged that she was an "At-Will" employee who could be terminated at any time. However, as Plaintiff correctly argues, Defendant's arguments in support of its motion on these counts relies on documents entirely outside of the pleadings which it attached to its motion. Defendant's motion would be unsupported if the Court determined to strike these documents and as the parties have not yet completed discovery, summary judgment motions are premature.  Thus, Defendant's motion to dismiss these claims is denied.  The Court will consider the arguments in a summary judgment motion, if still warranted, following completion of discovery.

### CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF #18) is granted as to Counts 1 through 4, the federal discrimination claims; denied as to Counts 5, 7, 8 and 9; and granted with Plaintiff's consent as to Count 6 (Wrongful termination in violation of Public Policy).  IT IS SO ORDERED.

  */s/Donald C. Nugent*  
  DONALD C. NUGENT

11

                                                                                  UNITED STATES DISTRICT JUDGE

DATED:   October 10, 2013